IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | : C.A. NO. 00-570ML |
| | : CR. No. 97-045ML |
| vs. | : |
| | : |
| ALBERT VERRECCHIA, | : |
| Petitioner/Movant | : |

**INDEPENDENT ACTION**
**TO OBTAIN RELIEF FROM JUDGMENT OR ORDER**
**PURSUANT TO RULE 60(b) F.R.CIV. P.**

**Albert Verrecchia**, by and through his attorney, hereby moves this Honorable Court to grant relief from the order denying his 2255 motion to vacate, set aside or correct sentence based upon the failure on the part of the district court to hold an evidentiary hearing on claims of double jeopardy and ineffective assistance of counsel for failure to present the double jeopardy issue.

## I. THE STATUTE

**Rule 60(b). Relief from Judgment or Order**

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party, or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a

> reasonable time, and for reasons (1), (2) and (3), not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not effect the finality of the judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant not personally notified as provided in Title 28, U.S.C. 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review, are abolished and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by independent action.

***Gonzalez vs. Crosby***, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) ruled that a motion for reconsideration under Rule 60(b) F.R.Civ.P. is not a second or successive habeas corpus petition provided the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."

In the instant case, Mr. Verrecchia is attacking the integrity of the judgment denying the 2255 motion on the grounds that the district court did not hold a hearing on the motion even though the double jeopardy issue has merit and the failure to present the claim was a non-strategic error on the part of defense counsel that unfairly prejudiced the defense.

## II. STATEMENT OF THE CASE

On June 4, 1997, a Federal Grand Jury returned an indictment charging Albert Verrecchia with two counts of possession of firearms by a convicted felon in violation of 18 U.S.C. 922(g)(1) [Counts One and Two], possession of a sawed-off shotgun [Count Three], and possession of two pipe bombs [Count Four] in violation of 26 U.S.C. 5845(a) and 5861(d).

Counts One and Two occurred on the same date, and involved one seamless possession of firearms.

On March 17, 1998, trial commenced before United States District Court Judge Mary M. Lisi, and a jury. On March 19, 1998, Mr. Verrecchia was convicted on Counts One and Two, but acquitted on Counts Three and Four.

On August 12, 1998, the United States District Court Judge imposed consecutive sentences of one hundred twenty (120) months' imprisonment on Count One and thirty (30) months' imprisonment on Count Two.

On November 19, 1999, the Court of Appeals affirmed. On appeal, the following issues were presented. First, the Sixth Amendment right to a unanimous verdict was violated by the district court's failure to give the jury an instruction to the effect that the jury had to be unanimous with respect to which firearm was possessed. Second, the prosecutor's closing argument misstated evidence, made references to uncharged conduct, vouched for the credibility of law enforcement witnesses, called the defendant a liar, and injected his personal opinion into the case. The latter issue was considered under the plain error standard because defense counsel failed to make a timely objection.

On November 16, 2000, Mr. Verrecchia filed a counseled 2255 motion. On March 21, 2001, the Government filed objections to the motion. On June 20, 2001, the United States District Court Judge denied the 2255 motion without a hearing. On August 23, 2001, the United States District Court Judge denied the application for certificate of appealability ["COA"].

On September 7, 2001, Mr. Verrecchia filed a counseled application for COA to the First Circuit Court of Appeals. On March 26, 2002, the First Circuit entered an order denying a COA.

## III. CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

### A. CONSTITUTIONAL

The Fifth Amendment provides, in pertinent part, as follows:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury...nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law...

*** *** *** ***

The Sixth Amendment provides, in pertinent part, as follows:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

### B. STATUTES

18 U.S.C. 922(g) reads, in pertinent part as follows:

> It shall be unlawful for any person--
>
> (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year...
>
> to ship or transport in interstate or foreign commerce or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate commerce.
>
> *** *** *** ***

18 U.S.C. 3553(c)(1) reads, in pertinent part, as follows:

> Statement of reasons for imposing a sentence -- The court at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence--
>
> (1) is of the kind and within the range described in section (a)(4), and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range.
>
> *** *** *** ***

28 U.S.C. 2255 reads, in pertinent part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court, which imposed the sentence to vacate, set aside, or correct the sentence.
>
> Unless the motion, and the files, and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues, and

> make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate...
>
> An application for a writ of habeas corpus...shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

## IV. PROSECUTION VERSION OF THE OFFENSE CONDUCT

The facts of this case, which were summarized in the opinion of the Rhode Island Supreme Court in ***State vs. Verrecchia***, No. 99-458-C.A, are as follows:

> The undercover police detective testified that, after learning of Verrecchia's role as the keeper of GNG's weapons, he asked Rossi (then a government informant) to arrange for Verrecchia to sell some of GNG's weapons to an undercover police detective. Rossi testified that in a series of conversations with Verrecchia, he instructed him to sell some of the group's weapons to a fellow inmate, called "The Ghost" who would soon be released on bail. According to Rossi, Verrecchia readily agreed to do so. Thereafter, the detective testified, he contacted Verrecchia and identified himself as "The Ghost." The police recorded this conversation on tape. The detective recalled that Verrecchia said he had been expecting his call. He recounted that Verrecchia readily agreed to meet with him and discuss the proposed weapons sale. When they met, Verrecchia asked the detective to be more specific concerning the weapons he wished to buy because Verrecchia claimed to have a "coffin" full of weapons to choose from. Later that day they met again, but after Verrecchia delivered the weapons to the detective, the police immediately arrested him.

The prosecution version of the offense, which appears on pages one and two of the Presentence Investigation Report ["PSI"] is as follows.

In the spring of 1996, Michael Rossi, who had been arrested and held in connection with a series of burglaries, informed the Rhode Island State Police that Albert Verrecchia was in possession of a cache of firearms stored in a barn in Burrillville, Rhode Island.

Mr. Rossi agreed to introduce Mr. Verrecchia to an undercover state policeman. Mr. Rossi, who was in a state prison, met Mr. Verrecchia in the prison visiting room. Mr. Rossi told Mr. Verrecchia that a drug dealer known as the "Ghost" would be contacting Mr. Verrecchia to purchase guns.

On May 9, 1996, State Police Detective Sergeant Steven O'Donnell telephone Mr. Verrecchia, identified himself as "Ghost," and set up a meeting at the Dunkin Donuts parking lot in Johnston where Verrecchia and O'Donnell could discuss the gun transaction. At approximately 11:00 AM, Mr. Verrecchia met Sergeant O'Donnell in the parking lot. Mr. Verrecchia explained that he had many guns available and that the guns were stored in a coffin. Sergeant O'Donnell stated that he wanted to buy an AK-47 and a Star .45 caliber pistol. Mr. Verrecchia and Sergeant O'Donnell agreed on a price of $1,000.00 for the two guns.

Sergeant O'Donnell and Mr. Verrecchia drove to Eastern Automotive & Body Company, at 19-A Buck Hill Road, Mr. Verrecchia's auto repair shop. From there, Mr. Verrecchia left in a brown tow truck to get the guns. Sergeant O'Donnell and Mr. Verrecchia agreed to meet at the parking lot of the Walmart on Plainfield Pike, in Cranston at 2:30 PM.

FBI Agents and a state trooper in an airplane followed Mr. Verrecchia as he drove to a barn off Main Street in the village of Harrisville in Burrillville. The police observed Mr. Verrecchia park in a Post Office parking lot, walk over to the barn, and go inside. A short time later, Mr. Verrecchia left the barn carrying a white cardboard box, which he put in the tow truck. Mr. Verrecchia drove to the Walmart parking lot, where he met Sergeant O'Donnell and gave him the box, which contained an AK-47. He also displayed a box containing a Star handgun. Sergeant O'Donnell approved the guns, and helped Mr. Verrecchia carry them to the trunk of the undercover car. When the guns were inside, Sergeant O'Donnell gave the arrest signal. Mr. Verrecchia was arrested, and taken to State Police Headquarters in Scituate, Rhode Island.

Following the arrest, the State Police obtained a search warrant for the barn where Mr. Verrecchia had picked up the guns. Lieutenant Brendan Doherty spoke to Mr. Verrecchia in the holding cell, informing him that they had a search warrant, and asking if the barn was booby trapped. Mr. Verrecchia said there were no guns other than the ones in the coffin. He gave them the keys to the barn and the lock on the coffin where the guns were stored.

State Police and the Fire Marshal executed the search warrant. They found a locked coffin-like box, which contained twenty-one firearms, two pipe bombs, ammunition, holsters, face masks, wigs, etc.

## V. THE DEFENSE VERSION

Mr. Verrecchia took the stand and testified that Mr. Rossi was the owner of the coffin in which the firearms were stored. He testified that Mr. Rossi committed a series of violent crimes and frequently threatened Mr. Verrecchia and his family with death and/or

serious bodily injury unless Mr. Verrecchia followed his directions. Mr. Verrecchia testified that it was Mr. Rossi who sublet the barn and placed the coffin and the firearms in the barn. Mr. Rossi gave Verrecchia the keys to the barn and the coffin. Subsequently, Mr. Rossi directed Mr. Verrecchia to deliver the firearms to the Ghost, and collect $1000.00 for Mr. Rossi's legal defense fund.

## VI. ASSERTIONS MADE IN THE 2255 MOTION

Mr. Verrecchia's 2255 motion alleged constitutionally ineffective assistance of counsel in violation of the Sixth Amendment, but the foundation for the claim of ineffective assistance was the substantive claim that the 150 month sentence violated the double jeopardy clause of the Fifth Amendment because it imposed consecutive sentences for a single, seamless possession of one cache of firearms.

In ***United States vs. Yednak***, 187 F.Supp. 2d 419 (WDPA 2002), the defendant was charged in Counts Nine and Twelve with possession of a firearm by a convicted felon. Count Nine charged possession of the firearm on May 10, 2001, and another possession of the same firearm on May 11, 2001. The Court ruled that Counts Nine and Twelve punished the same offense. The Court stated:

> "possession" under this statute [18 U.S.C. 922(g)], is a "course of conduct" and that "by prohibiting possession Congress intended to punish as one offense all of the acts of dominion which demonstrate a continuing possessory interest in a firearm." ***United States vs. Jones***, 533 F2d 1387, 1391 (6th Cir. 1976)(emphasis added); see also ***United States vs. Horodner***, 993 F2d 191, 193 (9th Cir. 1993)(same); ***United States vs. Rivera***, 77 F3d 1348, 1351 (11th Cir. 1996)(per curiam)(same). Therefore, where there is no proof that possession of the same weapon is interrupted, the Government may not arbitrarily carve a possession into separate offenses." ***Rivera***, 77 F3d at 1351. Indeed, to do so "would result in a multiplicitous indictment, creating the risk of multiple convictions and punishments for a single offense in violation of the Double Jeopardy Clause." Id. at 1352.

In addition to the legal principles articulated in ***Yednak, supra***, several appellate courts have held that possession of several firearms by a convicted felon is a single offense. ***United States vs. Berry***, 977 F2d 915 (5th Cir. 1992)["The evil Congress sought to suppress by section 922 was the arming of felons; the section is based on the status of the offender, not the number of guns possessed."], ***United States vs. Szalkiewiscz***, 944 F2d 653 (9th Cir. 1991), ***United States vs. Causey***, 609 F2d 777 (5th Cir. 1980), ***United States vs. Rosenbarger***, 536 F2d 715 (6th Cir.), cert. den. 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977).

The facts of this case pointed to an uninterrupted, seamless possession of twenty firearms. The atomization of this single offense into two offenses violated the prohibition against multiple prosecution and/or punishment for the same crime.

At pretrial proceedings, Mr. Verrecchia was represented by Edward Roy, Esquire, whose legal representation fell below professional norms when he failed to recognize Counts One and Two were multiplicitous, and then failed to file appropriate and timely pretrial motions.[1]

In this case, Counts One and Two charge a single, seamless possession of firearms by a convicted felon in violation of 18 U.S.C. 922(g) on the same date. As stated in previous paragraphs, a single, seamless possession of firearms constitutes one offense for purposes of 18 U.S.C. 922(g). ***United States vs. Dunford***, 148 F3d 385, 388-390 (4th Cir. 1998), ***United States vs. Marino***, 682 F2d 449, 454 (3d Cir. 1982)[simultaneous possession of several firearms by a convicted felon constitutes a single offense under 1202(a)], ***United States vs. Rosenbarger***, 536 F2d 715 (6th Cir 1976)[Only one offense is

---

[1] An indictment is multiplicitous if it charges the same crime in more than one count.

charged under the terms of section 1202(a)(1) regardless of the number of firearms involved, where all firearms were stored at the same time and place.]

There was no strategic reason for not making a timely motion to dismiss Count One or Count Two on grounds of multiplicity. The failure to make an appropriate and timely objection resulted in a sentence at least thirty (30) months longer than the sentence authorized by statute.

Accordingly, the Court should have held the hearing requested in the 2255 motion, vacated one of the convictions, and held a prompt resentencing. ***Marino, supra*** at 454, footnote 3 [sentence must be vacated even if defense counsel fails to make an appropriate and timely objection on grounds of multiplicity].

Mr. Verrecchia's 2255 motion also alleged ineffective assistance of counsel for failing to object to the district court failure to explain on the record its reasons for imposing a sentence of 150 months' imprisonment. Again, the Court should have held the hearing requested in the 2255 motion, vacated one of the convictions, and held a prompt resentencing.

## VII. THE DISTRICT COURT'S DECISION TO DENY THE 2255 MOTION WITHOUT A HEARING WAS PROCEDURALLY IMPROPER

28 U.S.C. 2255 reads, in pertinent part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court, which imposed the sentence to vacate, set aside, or correct the sentence.
>
> Unless the motion, and the files, and the records of the case

> **conclusively show** that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

*** *** *** ***

***Solis vs. United States***, 252 F3d 289, 294 (3d Cir. 2001) states:

> We reject the Government's position. Section 2255 requires that a hearing precede any District Court determination of the disputed issue of fact concerning petitioner's entitlement to relief...Adoption of the Government's position may cut corners in the name of efficiency but it may be at the expense of important procedural rights.

***Aron vs. United States***, 291 F3d 708, 714 (11th Cir. 2002) states:

> As we have previously stated, if the petitioner "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim."
>
> The law is clear that, in order to be entitled to an evidentiary hearing, a petitioner need only allege--not prove--reasonably specific, non-conclusory facts that, if true would entitle him to relief. If the allegations are not affirmatively contradicted by the record and the claims are not patently frivolous, the district court is required to hold an evidentiary hearing. It is in such a hearing that the petitioner must offer proof.

***Armienti vs. United States***, 234 F3d 820, 823 (2d Cir. 2000) states:

> To prevail on his motion for a hearing, [Armienti] must establish that he has a "plausible" claim of ineffective assistance of counsel.

> At this preliminary stage, he is not required to establish that he will necessarily succeed on the claim, and indeed, if he could presently prove that proposition, no hearing would be necessary.

Sworn or unsworn statements of an Assistant United States Attorney are entitled to no consideration when making the decision to grant or deny a hearing on a post conviction motion. ***United States vs. White***. 366 F3d 291, 300 (4th Cir. 2004)[AUSA's unsworn statement is not evidence], ***United States vs. Gripper***, 122 Fed. Appx. 15 (4th Cir. 2005)[same].[2]

In ***Blackledge vs. Allison***, at 431 U.S. 70, 97 S.Ct. 1627, the Court recommended that the District Court apply the same standards to a 2255 motion as it would to a motion for summary judgment:

> This is not to say that every set of allegations not on its face without merit entitles a habeas corpus petitioner to an evidentiary hearing. As in civil cases generally, there exists a procedure whose purpose is to test whether facially adequate allegations have a sufficient basis in fact to warrant plenary presentation of evidence. That procedure is, of course, the motion for summary judgment. Upon remand, the warden will be free to make such a motion, supporting it with whatever proof he wishes to attach. If he chooses to do so, Allison will then be required either to produce some contrary proof indicating that there is a genuine issue of fact to be resolved by the district court or to explain his inability to produce such proof. Fed. Rules Civ. Proc. 56(e)(f).
>
> Moreover, as is now expressly provided in the Rules Governing

[2] ***Machibroda vs. United States***, 368 U.S. 487, 495-96 (1962), ***United States vs. Kelly***, 790 F2d 130 (DC Cir. 1986)[sworn or unsworn statements by AUSA may not be used as substitute for an evidentiary hearing in connection with a post conviction motion]. ***Taylor vs. United States***, 487 F2d 307 (2d Cir. 1973)[held that sworn statements of an AUSA cannot defeat the movant's right to a hearing in connection with a post conviction motion. ***Bender vs. United States***, 387 F2d 628 (1st Cir. 1967)[sworn statement from attorney cannot defeat right to an evidentiary hearing], ***Lindhorst vs. United States***, 585 F2d 361, 365 (8th Cir. 1978), ***Brown vs. Johnson***, 224 F3d 461 (5th Cir. 2000)

> Habeas Corpus Cases, the district court judge...may employ a variety of measures in an effort to avoid the need for an evidentiary hearing. Under Rule 6, a party may request that discovery take place, and "there may be instances in which discovery would be appropriate...Under Rule 7, the judge can direct expansion of the record to include any appropriate materials that "enable the judge to dispose of some habeas petitions not dismissed on the pleadings without the time and expense required for an evidentiary hearing."
>
> In short, it may turn out upon remand that a full evidentiary hearing is not required. But Allison is "entitled to careful consideration and plenary processing of his claim, including full opportunity for presentation of the relevant facts."
> ***Harris vs. Nelson***, 394 U.S. at 298, 89 S.Ct. at 1090
> ***Blackledge vs. Allison***, at 431 U.S. 80-81, 97 S.Ct. 1632-1633.

In the present case, the Government submitted no evidence supporting the unsworn assertion that "This is not a single act of possession, but two acts of possession."

The District Court's reliance on the unsworn assertions of the Government was procedurally improper, and it warrants blanket reconsideration of the 2255 motion insofar as it alleges ineffective assistance of counsel for failure to object to the indictment on grounds of multiplicity and failure to object to the sentence on grounds of double jeopardy and the statutory violation for failing to explain why it selected 150 months as the appropriate sentence.

**VIII. CONCLUSION**

The sentence should be vacated. In the alternative, the district court should grant discovery and hold an evidentiary hearing.

Albert Verrecchia
Moving party November 26, 2005

Cheryl J. Sturm
Attorney-At-Law
387 Ring Road
Chadds Ford, PA 19317
484/ 771-2000

S. Paul Ryan #2264
Attorney-at-Law
670 Willett Avenue
East Providence, R.I. 02915
401/437-0660
(local counsel)

CERTIFICATION

I hereby certify that on the 25th day of January, 2006, I mailed a true copy of the within Independent Action to Obtain Relief from Judgment or Order Pursuant to Rule 60(b) F.R.CIV.P. to Zecharia Chafee, Esquire, Assistant United States Attorney, District of Rhode Island, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903

Kristen L Masse