IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
vs. : CA.NO: 00-570ML
: CR.NO: 97-~~95~~45ML
ALBERT VERRECCHIA :

GOVERNMENT'S OBJECTION TO PETITIONERS MOTION FOR RELIEF FROM JUDGEMENT OR ORDER PURSUANT TO RULE 60(B) F.R.CIV.P

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, and hereby objects to the petitioners Motion for Relief from Judgement or Order Pursuant to Rule 60(B) F.R.Civ.P. for the reasons set forth in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Zechariah Chafee

ZECHARIAH CHAFEE
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 7th day of April, 2006, I mailed a true copy of the Government's Objection to Defendant's Motion for Relief from Judgement or Order pursuant to Rule 60(B) F.R.Civ.P. by ordinary mail and postage prepaid, to:

Cheryl J. Sturm
Attorney-At-Law
387 Ring Road
Chadds Ford, PA 19317

S. Paul Ryan
Attorney-At-Law
670 Willett Avenue
East Providence, RI 02915

Paula Harvey

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CA. NO: 00-570ML |
| | : | CR. NO: 97-95ML 45 |
| ALBERT VERRECCHIA | : | |

**THE GOVERNMENT'S OBJECTION TO PETITIONERS MOTION FOR RELIEF FROM JUDGEMENT OR ORDER PURSUANT TO RULE 60(B) F.R.CIV.P**

## I. INTRODUCTION

Petitioner Albert Verrecchia has moved pursuant to F.R. Civ. P. 60(b) for relief from the order denying his previous motion under 28 U.S.C. § 2255. He argues that he was wrongly denied a hearing on that motion and that this justifies relief from the judgement. Petitioner's motion should be denied.

## II. FACTS

The following are the facts set forth by this Court in its Memorandum and Order denying petitioners § 2255 motion.

Verrecchia was adjudged guilty by a district court jury of two counts of violation of 18 U.S.C. § 922(g)(possession of a firearm by a convicted felon). Verrecchia's arrest and conviction followed his attempted sale of firearms to an undercover Rhode Island State Police detective.

Verrecchia's meeting with the detective had been arranged through the cooperation of Michael Rossi. Rossi had been arrested in connection with a series of burglaries in which a number of weapons had been stolen. Rossi told the police that

Verecchia had hidden the weapons in an unknown location.

On May 9, 1996, Verrecchia and the undercover officer, Det. Sgt. Steven O'Donnell, who was posing as a drug dealer seeking to purchase firearms, met in a parking lot in Johnston, Rhode Island. Verrecchia agreed to sell O'Donnell two weapons: a .45 caliber Star Arms handgun and an AK-47 assault rifle. Verrecchia then set to retrieve the weapons, which he told the detective were among many that he kept elsewhere in a coffin-type crate.

While under police airplane surveillance, Verrecchia drove to a barn in Burrillville and went in. A short time later, he exited the bar carrying a box. Verrecchia placed the box in his truck and, as previously arranged with O'Donnell, drove to a retail plaza lot in Cranston. There, he delivered the guns, which were in two boxes in his truck, to the detective. Verrecchia was arrested.

The state police obtained a search warrant for the barn. After being informed that a warrant had been issued, Verrecchia told a state police lieutenant that there were no bombs or booby traps in the crate and that there were no other guns in the barn other than those in the crate. Verrecchia gave the lieutenant his keys to the barn and the crate's lock.

A search of the barn ensued. Inside the crate, law enforcement officers found 21 firearms, including a sawed-off shotgun. The crate also contained two pipe bombs, ammunition,

masks, wigs and other items. The pipe bombs were inside an opaque cloth bag.

## III. **<u>Petitioner's Motion is Time-Barred and Procedurally Defaulted</u>**

Although petitioner has styled his motion "Independent Action" it has not been filed as an independent civil action, but clearly as a motion in C.A. 00-570ML, the civil action number of his motion under 28 U.S.C. § 2255(c)(2), which was denied by this court on June 20, 2001.

Federal Rule of Civil Procedure 60(b) requires that a motion made pursuant to the rule be "made within a reasonable time." In <u>Farm Credit Bank of Baltimore v. Ferrer-Goita</u>, 316 F3d 62 (2003) the First Circuit held that a 6 ½ year delay in bringing a F.R.Civ.P 60(b) motion was unreasonable. They said reasonableness depends on the particular circumstances including length of delay, justification for it and any prejudice associated with granting relief.

The instant motion was mailed on January 25th 2006, about five and a half years after the decision that petitioner is complaining about. Since the issue in the instant motion is whether petitioner was entitled to an evidentiary hearing on his original § 2255 motion, he should have raised the issue following this Court's decision on his § 2255 motion. Petitioner has advanced no reason why he did not file a F.R.Civ.P 60(b) motion five and a half years ago.

Petitioner did raise the same issue before this Court in his Application For a Certificate of Appealability. That Application was denied on August 23, 2001. He raised the same issue in his appeal of that denial to the First Circuit and that was again denied, on March 26, 2002. Neither the District Court or the Court of Appeals saw this issue as grounds for an appeal. Now he has circled back to this Court. He is procedurally out of luck.

**IV. Petitioner was not entitled to an In Court Hearing under 28 U.S.C. § 2255**

Petitioner argues that his original motion pursuant to 28 U.S.C. § 2255 entitled him to a hearing. He cites a number of cases that he says support his position. (P.12-13 of petitioners brief). However, each of those cases addresses the need for an evidentiary hearing in which the Court would seek to resolve issues of fact.

The whole of petitioner's instant motion boils down to one sentence:

> "In this present case, the government submitted no evidence supporting the unsworn assertion that "this is not a single act of possession but two acts of possession."

What petitioner ignores is that there was a full-blown trial of the case in which there was sworn in-court testimony from witnesses describing the facts which support the government's assertion that there were two distinct acts of possession. The

government cited to that evidence in its response to petitioner's § 2255 motion, and the court cited to the facts developed at the trial in its memorandum and order denying petitioners § 2255 motion. (See page 1, 2, and 9 of the memorandum).

At trial defendant did not contest the presence of the firearms in either location, in fact he admitted the government's facts but attempted an exculpatory explanation for his possession. i.e. duress. And petitioner's motion accepts the facts as the government's witnesses testified to at trial. Those facts are the basis for his legal argument that the indictment charged one crime as two. There were no factual issues to be resolved by an evidentiary hearing on the § 2255 motion. Petitioners underlying complaint involved a legal issue that rested on mutually accepted relevant facts that petitioner used to support his own argument.

The government and the defendant agree that petitioner took two guns from a barn in Burrillville and sold them that day to the police in Cranston, and that after the sale of the guns the police searched the barn that same day and found twenty-one more guns there in a box to which defendant had given them the key. The issue is not what the facts are but the legal significance of the facts.

As this Court said in its memorandum (p.9):

> The fact that either or both of the weapons described in Count One previously had been

> stored in the crate until removed by Verrecchia earlier in the day, does not change their place of possession at the time of petitioner's arrest.

As Judge Selya pointed out in U.S. v. McGill, 11 F3d 223 (1st Cir. 1993) a party seeking an evidentiary hearing must carry a fairly heavy burden of demonstrating need for special treatment, and that in most situations motions can be "heard" effectively on the papers with parties submitting evidentiary proffers by means of affidavits, documentary exhibits and the like. The reason for granting an evidentiary hearing in a criminal case should be substantive: did the defendant make a sufficient showing that material facts were in doubt or in dispute (p. 225) This standard is applied § 2255 motions (p.225). In the instant case no material facts were in issue or dispute.

In David v. U.S., 134 F3d 470 (1st Cir. 1998) Judge Selya again addressed the issue of when a hearing is necessary and not necessary. As he said, "to progress to an evidentiary hearing, a habeas petitioner must do more than proffer gauzy generalities or drop self-serving hints that a constitutional violation lurks in the wing." Petitioner has proffered at best a gauzy generality.

**V.** For the reasons stated defendant's motion should be dismissed, or, in the alternative, be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Zechariah Chafee

ZECHARIAH CHAFEE
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of April, 2006, I served by first class mail, a copy of the within Government's Objection to Petitioner's Motion For Relief from Judgement or Order to the following:

Cheryl J. Sturm
Attorney-At-Law
387 Ring Road
Chadds Ford, PA 19317

S. Paul Ryan
Attorney-At-Law
670 Willett Avenue
East Providence, RI 02915

Paula Harvey