**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ALBERT VERRECCHIA | : | |
| | : | |
| vs. | : | C.A. No. 00-570-ML |
| | : | |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM AND ORDER**

Mary M. Lisi, Chief United States District Judge

This matter is before the Court on Albert Verrecchia's "Independent Action To Obtain Relief from Judgment or Order Pursuant to Rule 60(b) F.R.CIV.P." (hereinafter "Motion for Relief" or "Rule 60(b) motion"). Although styled as an "Independent Action," because this pleading is filed in the same civil action in which Verrecchia's previous § 2255 motion was filed and seeks relief from the Judgment dismissing that motion, this Court construes it as a motion for relief from judgment under Fed.R.Civ.P. 60(b).

For the reasons that follow, Verrecchia's Rule 60(b) motion must be denied.

FACTS AND BACKGROUND

The facts and background of this matter were fully described in this Court's ruling on Verrecchia's original motion to vacate and by the Court of Appeals on direct appeal and need not be repeated in detail here.

In brief, Verrecchia's conviction followed his attempted sale of firearms to an undercover Rhode Island State Police detective. Verrecchia's meeting with the detective had been arranged through a cooperating witness, who told police that Verrecchia had hidden the weapons at an unknown location. After agreeing to sell the detective a .45 caliber Star Arms handgun and an AK-

47 assault rifle, Verrecchia, under surveillance, retrieved the weapons from a barn in Burrillville. Verrecchia then met the detective and delivered the guns, at which point he was arrested. During the subsequent search of the barn with Verrecchia's consent, police found 21 firearms in a crate, including a sawed-off shotgun, as well as two pipe bombs.

Verrecchia was subsequently charged in a four-count indictment with possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Count One charged Verrecchia with possession of the handgun and assault rifle he had attempted to sell to the detective, and Count Two charged him with possession of the 21 firearms recovered from the crate. Counts Three and Four charged Verrecchia with possession of the sawed-off shotgun and the pipe bombs, in violation of 26 U.S.C. §§ 5845(a) and 5861(d). Throughout pretrial and trial proceedings, Verrecchia was represented by appointed counsel, Attorney Edward Roy.

Prior to trial Verrechia, through counsel, moved to suppress the evidence obtained in the course of the search of the barn on the grounds that the search warrant was invalidly issued by a state court master rather than a judge and that the affidavit in support of the search warrant application was insufficient. The latter ground was not pressed at the suppression hearing. After a hearing, this Court denied the motion to suppress.

Thereafter, a jury found Verrecchia guilty on Counts One and Two, and acquitted him on the remaining counts of the indictment. At sentencing Verrecchia, represented by different counsel, unsuccessfully moved for a downward departure. The Court sentenced him to 150 months imprisonment, based on a Guideline sentencing range of 135-168 months imprisonment, derived from a total offense level of 30 and a criminal history category of IV. Because each of the two offenses of which he was convicted carried a statutory maximum term of 10 years imprisonment, see 18 U.S.C.

§ 924(a)(2), Verrecchia was sentenced to 120 months on Count One and 30 months, to be served consecutively, on Count Two, for a total of 150 months imprisonment, followed by concurrent three-year terms of conditional release.

Verrecchia appealed, represented by a third attorney, arguing *inter alia* (1) that Counts One and Two were duplicitous and that this Court erred in failing to instruct jurors that they had to agree unanimously on at least one particular weapon that he possessed out of the two listed in Count One and out of the 21 listed in Count Two; and (2) that the prosecutor made several inappropriate comments in his closing argument. The Court of Appeals rejected these arguments and affirmed the conviction and sentence. See United States v. Verrecchia, 196 F.3d 294 (1st Cir. 1999).

In November 2000 Verrecchia, represented by a fourth attorney, filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, claiming that he received ineffective assistance from his trial counsel due to counsel's (1) failure to challenge the multiplicity of Counts One and Two of the indictment or to object to the imposition of a total sentence in excess of 10 years imprisonment; (2) failure to move to suppress the evidence obtained in the search of the barn; (3) failure to object to the prosecutor's improper remarks during closing argument; and (4) failure to ask the Court to articulate its reasons for imposing a total sentence of 150 months, as required by statute. Verrecchia also claimed that his sentence was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000) and that his appellate counsel was ineffective in failing to pursue his multiplicity and excessive sentence claims on appeal.

On June 20, 2001 this Court denied Verrecchia's motion to vacate. (See Memorandum and Order (Doc. # 11)). As to the ineffective assistance claims, this Court found that Counts One and Two were not duplicitous under existing case law – noting that on direct appeal the Court of Appeals

had found the two counts were correctly grouped – and therefore trial counsel did not act unreasonably in failing to seek the dismissal of those counts or to object to the imposition of separate sentences as to those counts. (Id. at 9-10.) For the same reason, appellate counsel did not act unreasonably in not pursuing either claim on appeal. (Id.) This Court further found that, contrary to Verrechia's assertions, trial counsel had moved to suppress evidence obtained from the barn and that Verrecchia failed to show prejudice from his counsel's failure to challenge the sufficiency of the affidavit supporting the search warrant. (Id. at 10.) With respect to Verrecchia's claim concerning counsel's failure to object to the prosecutor's closing argument, this Court found that Verrecchia suffered no prejudice from the fact that appellate review of that point was for plain error, rather than de novo, given that the Court of Appeals had characterized the evidence at trial as "overwhelming." (Id. at 10-11.) Finally, this Court rejected Verrecchia's assertion that it did not articulate its reasons for imposing a term of imprisonment of 150 months (id. at 11) and rejected his claim under Apprendi. (Id. at 5-8.) The Court of Appeals denied Verrecchia's request for a certificate of appealability (COA) to review this Court's denial of the § 2255 motion.

Thereafter, Verrecchia filed the instant Rule 60(b) motion. His sole claim is that in ruling on his § 2255 motion, this Court should have conducted an evidentiary hearing on his claims – specifically on the claims of ineffective assistance due to counsel's failure to seek dismissal of Counts One and Two as duplicitous and to object more vociferously to the imposition of separate sentences on each of those Counts. Verrecchia concedes that the foundation of his ineffective assistance claims is "the substantive claim that the 150-month imprisonment violated the Double Jeopardy clause of the Fifth Amendment because it consisted of consecutive sentences for a single seamless possession of one cache of firearms." (Motion for Relief at 9.) The Government has objected to the motion.

DISCUSSION

Verrecchia's Rule 60(b) motion must be denied because it is untimely, constitutes a second or successive filing, and fails on its merits, as follows.

A. Timeliness of Motion

A motion for relief under Federal Rules of Civil Procedure 60(b) must be made "within a reasonable time."[1] Reasonableness depends on the particular circumstances of a case, and a court considers the length of delay, whether there is any justification for delay, and any prejudice to the opposing party associated with granting relief. See Farm Credit Bank of Baltimore v. Ferrera-Goitia, 316 F.3d 62, 66 (1st Cir. 2003). In Ferrera-Goitia the Court of Appeals held that a six and one-half year delay in bringing a Rule 60(b) motion was unreasonable. Id. at 66. See also Cotto v. United States, 993 F.2d 274, 277(1st Cir. 1993) (Rule 60(b) motion filed 16 months after entry of judgment not made within a reasonable time).

Here, the instant motion was filed on or about January 25, 2006, approximately four and one-

---

[1] Rule 60(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud ..., misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, ... or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.
> The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

While the instant Motion for Relief does not specify, the Court construes the motion as brought under Rule 60(b)(6), as motion under Rule 60(b)(1) - (b)(3) must be brought within one year of the judgment or order challenged and paragraphs (b)(4) and (b)(5) are not applicable here.

half years after this Court's decision denying Verrecchia's original motion to vacate. The sole issue raised is whether the Court was required to conduct an evidentiary hearing before ruling on the original § 2255 motion. This issue could have been raised immediately following this Court's decision on the § 2255 motion, and Verrecchia makes no showing as to why he could not have filed the instant motion sooner than four and one-half years after the entry of judgment. Moreover, granting relief would force the Government to re-litigate Verrecchia's § 2255 motion after it has already been denied and after the Court of Appeals declined further review.

Thus, in view of the inordinate delay, Verrecchia's failure to show any justification for the delay and the prejudice to the Government, Verrechia's Rule 60(b) motion is subject to dismissal as untimely.

B. Second or Successive Motion

In Gonzalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court noted that a motion which attacks a federal court's previous resolution of a claim on the merits -- rather than "some defect in the integrity of the federal habeas proceedings"-- advances a claim relative to the merits, and thus constitutes a second or successive motion that may not be brought without circuit authorization. Id. at 531-532. Even if the claim was not previously presented, it must be dismissed "unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." Id. at 530 (citing 28 U.S.C. § 2244(b)(2)).

Although the holding in Gonzales was limited to § 2254 habeas cases, see id. at 529 n. 3, several courts have held its reasoning applicable to § 2255 proceedings as well. See e.g., In re Nailor, 487 F.3d 1018, 1021 (6th Cir. 2007) ("reasoning [of Gonzalez] dictates our resolution of the issue at hand" in § 2255 proceeding), citing United States v. Nelson, 465 F.3d 1145, 1147 (10th Cir. 2006)

(same). Moreover, the reasoning in Gonzales is consistent with previous case law of this Circuit, under which a Rule 60(b) motion seeking relief from a judgment previously entered in a § 2255 case must be treated as a second or successive habeas petition if the factual predicate set forth in support of the motion constitutes a direct challenge to the underlying conviction or sentence rather than attacking only the manner in which the earlier § 2255 judgment has been procured. See Munoz v. United States, 331 F.3d 151, 152-153 (1st Cir. 2003) (citing Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003)(same, as to § 2254 habeas petition)).

Thus, if a Rule 60(b) motion is deemed to be a "second and successive" § 2255 motion, a court must dismiss it for lack of subject matter jurisdiction, or alternatively, transfer the matter to the Court of Appeals for authorization pursuant to 28 U.S.C. § 2244(b)(3) and § 2255, para. 8.[2] See id at 153; United States v. Barrett, 178 F.3d 34, 41 and n. 1 (1st Cir. 1999).

Here, although Verrechia's motion purports to challenge the integrity of the § 2255 proceedings by claiming that an evidentiary hearing should have been conducted, the crux of his claim is that his offenses should have been deemed to constitute a single act of possession and therefore this Court erred in imposing separate sentences of imprisonment on Counts One and Two totaling 150 months, when the maximum statutory penalty for each offense was ten years. That claim in essence constitutes a challenge to the underlying sentence rather than to any procedural irregularity

---

[2] 28 U.S.C. § 2255, para. 8. provides in pertinent part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(Emphasis added.)

of the § 2255 proceedings. See Gonzalez, 545 U.S. at 531-532; Munoz, 331 F.3d at 253-153. As such, Verrecchia's Motion for Relief constitutes a second or successive § 2255 motion that must be certified by the Court of Appeals before it may be brought, see 28 U.S.C. § 2255, par. 8, and therefore must be dismissed by this Court.

C. Merits

Even if the instant motion for relief could be considered, it is without merit. A prisoner who invokes section 2255 is not entitled to an evidentiary hearing as a matter of right. Rather, a prisoner must make a showing that an evidentiary hearing is warranted. David v. United States, 134 F.3d 470, 477 (1st Cir. 1998). Even if a hearing is requested, a district court need not conduct it 'when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations "need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible."' Id. at 477, quoting United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993) (citations omitted).

Here, Verrecchia does not an identify a single issue of disputed fact -- nor could he, given that the sentencing findings of which he complains, the sentence itself, and the Court of Appeals affirmance of that sentence are matters of record. See Verrecchia, 196 F.3d at 298 (noting that "the indictment correctly grouped the firearms into [separate] counts based on the place of possession"). Indeed, any question as to the grouping of the counts charging Verrecchia with possession of a firearms is one of law, not fact. Because there were no disputed issues of fact, there was no need for this Court to conduct an evidentiary hearing.

This Court has reviewed Verrechia's other arguments relative to his motion and finds them to be without merit.

## CONCLUSION

In view of the foregoing considerations, the instant Motion for Relief from Judgment is hereby DENIED and DISMISSED.

SO ORDERED:

Mary M. Lisi
Chief United States District Judge
July 23, 2007