**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ALBERT VERRECCHIA | : | |
| | : | |
| vs. | : | C.A. No. 00-570-ML |
| | : | |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM AND ORDER**

Mary M. Lisi, Chief United States District Judge

Before the Court is Albert Verrecchia's Application for a Certificate of Appealability ("COA") authorizing an appeal of this Court's denial of his motion under Fed. R. Civ. P. 60(b) for relief from a judgment denying Verrechia's motion to vacate sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Application is denied.

I. BACKGROUND

The facts and background of this matter were fully summarized in this Court's rulings on Verrecchia's original motion to vacate and on his Rule 60(b) motion and need not be repeated in detail here. In brief, Verrecchia was convicted of two counts of possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1). This Court sentenced him to 120 months on the first count and 30 months on the second count, to be served consecutively, for a total of 150 months imprisonment. Verrecchia's conviction and sentence were affirmed on appeal. See United States v. Verrecchia, 196 F.3d 294 (1st Cir. 1999).

Verrecchia then filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, claiming *inter alia* ineffective assistance of counsel, based on counsel's failure to challenge the multiplicity of the two counts of conviction and/or to object to the imposition of a total sentence in excess of ten years imprisonment. This Court denied the motion in June 2001. Verrecchia's request for a COA was

denied by both this Court and the Court of Appeals. Three and one-half years later, Verrecchia filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), claiming that this Court's failure to conduct an evidentiary hearing and its reliance on unsworn assertions of the Government's attorney constituted procedural errors in the course of its ruling on his § 2255 claims. On July 23, 2007, this Court denied the motion, ruling that it was untimely, it constituted a second and successive § 2255 filing and it failed on its merits. Verrecchia has attempted to appeal this ruling to the First Circuit. In a brief Order the Court of Appeals stated that because this Court's ruling denying Rule 60(b) relief constituted "a final order in a habeas proceeding, a certificate of appealability is required to appeal that ruling," and it directed Verrecchia to file a request for a COA in this Court. See Order in Verrecchia v. United States, Dkt. No. 07-2441 (1st Cir. Sept. 26, 2007) at 1. Verrecchia, through counsel, has done so.

II. DISCUSSION

To obtain a COA certificate where a district court has previously dismissed a §2255 petition or a Rule 60(b) motion on procedural grounds, a petitioner must show both "that the soundness of the procedural ruling is debatable . . . and that the underlying constitutional claim is also colorable." In re William Smith, 436 F.3d 9, 10 (1st Cir. 2006) (quoting Mateo v. United States, 310 F.3d 39, 40 (1st Cir. 2002) and citing Slack v. McDaniel, 529 U.S. 473, 484-485 (2000)).

Here, the questions whether Verrecchia's Rule 60(b) motion was timely in the first instance, whether it challenged the merits of the underlying conviction, or whether Verrecchia was entitled to an evidentiary hearing on his § 2255 claims, are not debatable among jurists of reason. See Slack, 529 U.S. at 482. First, as this Court noted in its denial of the Rule 60(b) motion, the motion was not made within a reasonable time, and Verrecchia offered no reason for the three and one-half year delay in seeking the reconsideration of his original § 2255 motion. Second, Verracchia made no showing

of any disputed facts that would be the subject of an evidentiary hearing, or how such hearing would assist this Court in reaching a different conclusion on his original § 2255 motion. Indeed, any question as to the grouping of the counts charging Verrecchia with possession of a firearms is one of law, not fact, and thus no evidentiary hearing was necessary.

Third, Verrechia shows no colorable constitutional claim as to the underlying issue he raised – i.e., the multiplicity of the two counts of conviction. Indeed, the Court of Appeals affirmed the grouping of the counts in question in the course of denying Verrecchia's direct appeal. See Verrecchia, 196 F.3d at 298 (noting that "the indictment correctly grouped the firearms into [separate] counts based on the place of possession"). See also 28 U.S.C. § 2253(c)(2)(COA requires substantial showing of denial of a constitutional right). Thus, Verrecchia's request for a COA from the denial of his rule 60(b) motion cannot succeed.

To the extent that Verracchia's application might be construed as seeking a COA in order to appeal this Court's denial of his original § 2255 motion to vacate, it likewise fails, as a COA has previously been denied by both this Court and the Court of Appeals as to that very ruling, and Verrecchia may not request a second COA here.

III. CONCLUSION

In view of the foregoing considerations, the instant Application for a COA is hereby DENIED and DISMISSED.

SO ORDERED:

Mary M. Lisi
Chief United States District Judge
November 1, 2007